UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| JILLIAN'S ENTERTAINMENT HOLDINGS, et al. | ) | Case No. 04-33192 |
| Debtors | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| ORIX PLC HOUSTON VENTURE | ) | A.P. No. 06-3129 |
| Plaintiff | ) | |
| v. | ) | |
| STEVEN L. VICTOR, Plan Administrator; | ) | |
| JILLIAN'S OF HOUSTON, TEXAS, INC.; | ) | |
| TANGO OF HOUSTON, INC.; and | ) | |
| DAVE & BUSTER'S, INC. | ) | |
| Defendants | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the First Amended Application for Attorney's Fees and Memorandum in Support and the First Amended Motion to Correct Order and for Entry of Judgment filed by Orix PLC Houston Venture (hereinafter "Orix") and the Motion to Correct Order filed by Tango of Houston, Inc. (hereinafter "Tango") and Dave & Buster's, Inc. (hereinafter "Dave & Buster's"). The parties raise numerous issues in these pleading which the Court will address in order.

First, due to a typographical error, the March 7, 2007 Order held that Orix could recover from Tango and Dave & Buster's, jointly and severally, the sum of $233,875.00. The Order should have reflected the amount owed as $223,875.00, as requested in the complaint and motion for summary judgment. Additionally, Orix requests the Court amend its order to award it pre-judgment interest and to specify the percentage rate for the post judgment interest. Neither Tango nor Dave & Buster's opposed these requests.

Next, the Court addresses Dave & Buster's liability for the Deferred Rent under the Lease.

Dave & Buster's contends that the Debtor assigned the Lease only to Tango and that material questions of fact surround the execution of the Second Amendment and Guaranty dated January 25, 2006, wherein Dave & Buster's guaranteed the payment and performance by Tango of all payments, covenants and other obligations under the Lease. The Second Amendment and Guaranty defined the Lease as including the First Amendment to Lease, wherein the obligation to pay the Deferred Rent was created. Dave & Buster's argues that it never intended for the Second Amendment and Guaranty to include the First Amendment, that Tango contested its obligation for the First Amendment, and that the execution of the Second Amendment and Lease was a mutual mistake.

The Court finds this argument unpersuasive. Tango assumed the Lease which included the Deferred Rent obligation and Dave & Buster's guaranteed all of Tango's obligations under the Lease. Even if the allegedly mistaken inclusion of the First Amendment language were removed, Dave & Buster's still owes this debt. Dave & Buster's liability for the Deferred Rent does not depend upon the First Amendment language and no genuine issue of material fact exists with respect to Dave & Buster's obligations under the Second Amendment and Guaranty. Accordingly, the Court will not amend the Order to restrict liability for the Deferred Rent to Tango alone.

Finally, the Court addresses the request for attorney's fees filed by Orix. Orix claims attorney fees under several theories, including the Federal Declaratory Judgment Act, Texas state law, and the language of the Lease and Guaranty. Tango and Dave & Buster's contest both the allowance of attorney's fees and the amount requested. With respect to the allowance of attorney's fees, the Court finds attorney's fees must be awarded under either Texas state law or the language of the Lease and Guaranty. Section 38.001 of Texas Civil Practice and Remedies provides "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the

amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." Under 38.005, this chapter "shall be liberally construed to promote its underlying purposes." Tango and Dave & Buster's attempt bypass this statute by characterizing this action as a declaratory judgment case, which authorizes attorney's fees at the discretion of the court. The Court does not agree with this characterization. This action is a contract action, requiring an interpretation and adjudication of the Lease, the First Amendment and the Second Amendment and Guaranty. As such, attorney's fees must be awarded. In addition to Texas state law, the Lease and Guaranty both require the payment of any costs, including attorney fees, for any action to enforce the terms of the Lease. Taken together, these provisions compel this Court to award fees to Orix.

Turning to the amount of fees, Orix requests $165,569 for fees incurred through summary judgment, $7,500 for preparing the fee application, and $35,000 for an appeal to the District Court and $75,000 for an appeal to the Circuit. Orix supported its request for attorney's fees with detailed time entries setting forth the amount of time involved and tasks performed in prosecuting this action. Tango and Dave & Buster's challenge these fees as excessive, disproportionate to the amount of the controversy, inappropriately apportioned between Orix's actions against the Plan Administrator and themselves, and inappropriate with respect to the prospective appellate attorney's fees.

The Court reviewed the time entries submitted by Orix and finds the time spent by counsel for Orix pursuing its summary judgment reasonable and not excessive. While acknowledging the amount requested for attorney's fees represents a high percentage of the amount in controversy, the Court cannot find the services rendered were unnecessary or time spent inordinately inflated. The Court does find, however, the amount charged for preparing the fee application to be excessive. By using computer generated time entries and paralegals to prepare the application, this Court concludes

3

that the fees for preparing this application should not exceed $2,124 (10 hours of paralegal work at $145 an hour and 2 hours of attorney time at $337 an hour).

With respect to the appellate fees, the Court agrees with Tango and Dave & Buster's and declines to award fees on a prospective basis, without any review of the time and efforts expended on such appeal. Accordingly, this Court will reserve for determination the amount of appellate fees upon remand from the District Court or Court of Appeals should Tango and Dave & Buster's appeal prove unsuccessful. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| JILLIAN'S ENTERTAINMENT HOLDINGS, et al. ) | Case No. 04-33192 | |
| Debtors ) | Chapter 11 | |
| _____) | | |
| ) | | |
| ORIX PLC HOUSTON VENTURE ) | A.P. No. 06-3129 | |
| Plaintiff ) | | |
| v. ) | | |
| STEVEN L. VICTOR, Plan Administrator; ) | | |
| JILLIAN'S OF HOUSTON, TEXAS, INC.; ) | | |
| TANGO ACQUISITION, INC.; ) | | |
| TANGO OF HOUSTON, INC.; and ) | | |
| DAVE & BUSTER'S, INC. ) | | |
| Defendants ) | | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is hereby **ORDERED** that the First Amended Motion to Correct Order and for Entry of Judgment filed by Orix PLC Houston Venture is **GRANTED** and paragraph four of the Order entered March 7, 2007, is amended to read as follows:

> It is further **ORDERED** that Orix's Motion for Summary Judgment is **GRANTED** and Orix recover from Tango of Houston, Inc. and Dave & Buster's, Inc., jointly and severally, the sum of $223,875.00, with interest thereon at the rate of six percent from October 1, 2005 until the date of judgment.

It is further **ORDERED** that the March 7, 2007 Order is amended to include the following paragraph after paragraph four as set out above.

> It is further **ORDERED** that this judgment shall bear interest computed from the date of judgment until such judgment is paid. The interest rate shall be 4.96 percent. Interest shall be computed daily to the date of payment and shall be compounded annually.

It is further **ORDERED** that the First Amended Application for Attorney's Fees is **APPROVED** and Orix is awarded the sum $167,693.00 in attorney's fees. The request for appellate attorney fees is reserved for determination upon remand from the District Court or Court of Appeals should Tango and Dave & Buster's appeal prove unsuccessful

It is further **ORDERED** the Motion to Correct Order filed by Tango of Houston, Inc. and Dave & Buster's, Inc. is **OVERRULED**.